**Gurmukh Kaur SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71721.

Agency No. A74–321–902.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Fed. R.App. P. 34(a)(2).

Olumide K. Obayemi, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Patricia A. Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM**

Gurmukh Kaur Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony regarding the reason police arrested him was inconsistent with the reason stated in his application, and his application omitted a key encounter with police. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152 (9th Cir.1999) (upholding credibility finding based on discrepancy between testimony and application regarding why the police arrested petitioner). Moreover, substantial evidence supports the IJ's decision based on the implausibility that Singh was further mistreated by police in India when he testified that he was no longer in the country at that time. *See id.; see also Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Because the IJ had reason to question Singh's credibility, she could properly require corroborating evidence, and Singh has not shown that the evidence in this case compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi,* 336 F.3d at 993.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

Because Singh failed to demonstrate that it was more likely than not that he would be tortured if he returned to India, the IJ's properly denied his CAT claim. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.